**O**

# United States District Court
# Central District Of California
# Western Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>     Plaintiff/Respondent, ) <br> v. ) <br> LEWIS LEE SETTLES. ) <br>     Defendant/Petitioner. ) <br> _____ ) | CASE CASE NO. 2:17-CV-09314- ODW <br> CR-08-00564- ODW <br><br> **ORDER DENYING 28 U.S.C. §2255 PETITION** |

## I. INTRODUCTION

On February 11, 2010 Defendant / Petitioner Settles was sentenced and committed to the Bureau of Prisons to be imprisoned for a term of 180 months. This term consists of 120 months on Counts 1, 2, and 4, which terms were to run concurrently and 60 months on Count 3, which term is to run consecutively to Counts 1, 2, and 4. He was also placed on Supervised Release for a term of eight (8) years,

which consists of eight (8) years on Count 1, six (6) years on Count 2, five (5) years on Count 3, and three (3) years on Count 4, all such terms to be served concurrently.

On October 20, 2017 Settles filed a Motion to Vacate, Set Aside or Correct Sentence. The argument for resentencing is grounded on the Supreme Court decision in *Dean v. United States*, ___ U.S.___, 137 S. Ct. 1170 (2017). As discussed below, *Dean* provides no basis for resentencing.

## II.  FACTUAL BACKGROUND

In March and April 2008 a confidential informant working with a DEA/LAPD joint task force, made or attempted to make five controlled buys of crack cocaine from Petitioner. After the last buy Petitioner was arrested at the residence out of which he was trafficking the narcotics. Inside the residence officers found .31 grams of cocaine base, cash, digital scale, a shotgun, a .380 automatic and a .357 revolver as well as ammunition for the weapons.

He was charged in a four-count indictment with two counts of Distribution of cocaine base, 7.89 grams and 1.52 grams respectively; possession of firearms in furtherance of a drug trafficking crime; one count of being a felon in possession of firearms. In a single count information it was alleged that he had sustained prior felony drug convictions.

He was released on bond under pretrial services supervision, with electronic monitoring. Four months later it appeared that he had tampered with the ankle bracelet and as a result was remanded.

Settles ultimately entered pleas of guilty to all four counts. Counts 1 and 2 for distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), the penalty for one with a prior felony drug offense is a statutory minimum sentence of 120 months. 21 U.S.C. §841(b)(1)(B)(iv). As for Count 3, possession of a firearm in furtherance of a drug trafficking crime 18 U.S.C. §924(c)(1)(A)(I) a consecutive five year mandatory minimum sentence applies. Count 4, Felon in Possession of a firearm and ammunition,

18 U.S.C. § 922(g)(1) carries a base offense level of 20 and is essentially irrelevant to the calculation of the overall sentence.

Petitioner argues that under *Dean* he is potentially eligible for a reduced sentence. *Dean* also involved a § 924(c) count mandating a 5-year minimum term of imprisonment consecutive to the predicate charge. In *Dean*, the defendant was convicted of conspriacy to commit robbery, robbery, possessing a firearm as a convicted felon, and possessing and aiding and abetting the possession of a firearm in furtherance of a crime of violence. The Supreme Court held that nothing in the statute setting mandatory minimum sentences for using or possessing a firearm in connection with a violent or drug trafficking crime restricts the authority of sentencing courts to consider a sentence imposed under the mandatory minimum statute when calculating a just sentence for the predicate count. In other words, there is nothing to prevent the sentencing judge from considering the entire sentence, including any mandatory minimums. Whether the sentence for the predicate offense is one day or one decade, a district court does not violate the terms of § 924(c) so long as it imposes the mandatory minimum "in addition to" the sentence for the violent or drug trafficking crime. *Dean* at 1177.

Thus, the sentencing judge might conclude that a reasonable sentence is ten years. If there is a 10-year mandatory minimum which must be consecutive to a predicate offense, there is nothing to prohibit the sentencing judge from imposing a *de minimus* sentence for the predicate offense followed by the 10 year mandatory minimum. This assumes, however, that the predicate offense has no mandatory minimum. Here, the statutorily mandated sentence for counts 1 and 2 is 10 years. They may be ordered to run concurrently, but count 3, which carries a mandatory consecutive five year penalty, must be ordered to run consecutively to counts 1 and 2. Unlike the situation in *Dean*, there is no leeway here. There are two drug offenses which by statute require the imposition of ten year terms of imprisonment. The gun offense requires a consecutive five year term. Thus, there is nothing in *Dean*, or 18 U.S.C. §3553 that would permit a sentence of less than 180 months.

## III. CONCLUSION

The government's opposition raises a number of well-founded reasons why this motion should be denied. However, putting the technical reasons aside and viewing the motion on its merits, what Petitioner seeks simply is not possible. The sentence in this matter is driven by the confluence of mandatory minimums and mandatory consecutive terms of imprisonment. Dean did not have such restrictions and the sentencing judge had the authority and discretion to impose below guideline sentences on the predicate offenses. That situation does not exist in this case and for that reason, the Motion is **DENIED**.

DATED: November 29, 2018

                                              Otis D. Wright, II
                                     United States District Judge