O

## United States District Court
## Central District Of California
## Western Division

UNITED STATES OF AMERICA,　　　)
　　　　　　　Plaintiff/Respondent,　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
LEWIS LEE SETTLES.　　　　　　　)
　　　　　　　Defendant/Petitioner.　)
_____)

CASE CASE NO. 2:17-CV-09314- ODW
　　　　　　　CR-08-00564- ODW

**ORDER DENYING REQUEST FOR RECONSIDERATION OF THE DENIAL OF THE 28 U.S.C. §2255 PETITION**

On October 20, 2017 Settles filed a Motion to Vacate, Set Aside or Correct Sentence of 180 months consisting of two mandatory minimum terms. A term of 120 months was imposed as the mandatory minimum sentence for violation of 21 U.S.C. §841(b)(1)(B)(iv). A second term of 60 months consecutive was imposed for his conviction for 18 U.S.C. §924(c)(1)(A)(I) stemming from his possession of a firearm in connection with a drug trafficking offense. Petitioner cited the decision in *Dean v.*

*United States*, ___ U.S.___, 137 S. Ct. 1170 (2017) as justification for his request for correction of his sentence. However, unlike the *Dean* case, the court in the instant case had no discretion but to impose the mandatory minimum sentences, one of which is mandated to be consecutive to the sentence in the underlying offense. It should be noted that neither sentence was a "guidelines" sentence.

The government filed an opposition to the motion for correction raising two procedural grounds as to why the motion should be denied, plus a merits based argument against granting the motion. Thereafter, Defendant filed his Reply. The court issued its order denying the request for correction. Defendant points out that he was not given until December 28, 2018 to file a Reply and therefore feels he has been denied due process. In fact, Defendant did file a reply. Nothing in that Reply causes the court to reconsider its conclusion that no sentence "correction" is warranted or even permissible.

The Request for Reconsideration is DENIED.

DATED:
December 11, 2018

_____
Otis D. Wright, II
United States District Judge